IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JULIE SCHULTZ on behalf of herself and others similarly situated,<br>　　　Plaintiff,<br><br>　v.<br><br>PENTAGROUP FINNACIAL, LLC,<br>　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 1:10-cv-4055<br><br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

**CLASS ACTION**

1.　Plaintiff, Julie Schultz ("plaintiff"), brings this action to secure redress for unlawful debt collection practice engaged in by defendant Pentagroup Financial, LLC (Pentagroup) in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

2.　Defendant left prerecorded debt collection voice-mail message(s) for plaintiff and the class as the initial communication between the parties, and that communication failed to state that the communication was being made in connection with debt collect, and it failed to state that information obtained would be used for debt collection purposes, pursuant to the FDCPA, 15 U.S.C. § 1692e(11) .

**JURISDICTION**

3.　This Court has jurisdiction under 28 U.S.C. §§ 1331 (federal question), and 15 U.S.C. §1692k (FDCPA).

4. Venue is appropriate because a substantial portion of the events that gave rise to this cause of action occurred here.

## PARTIES

5. Plaintiff is an individual who resides in this District.

6. Pentagroup Financial, LLC is a debt collection agency located in Houston, Texas. Its registered agent in Illinois is CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, Illinois 60604.

## FACTS

7. On January 15, 2010 Pentagroup called Plaintiff and left a voice-mail message for plaintiff in attempt to collect a debt.

8. Upon information and belief, the telephone call to plaintiff from Pentagroup was made using an automated dialer, such that plaintiff's phone number was dialed without human intervention. That is to say that no human being dialed the digits; a machine did. Furthermore, the voice mail message was prerecorded.

9. The voice-mail message stated:

**Hello, this is an important call for Julie Shultz regarding your Pentagroup Financial Account. Please return this call to 800-951-0638, Monday through Thursday between 8am and 11pm, or Friday between 8am and 4pm, or Saturday between 8am and 12pm Eastern Time. Thank you. Goodbye.**

10. The above prerecorded message was defendant's first attempt at communication with Plaintiff.

11. Pentagroup sent Plaintiff a letter dated January 18, 2010, <u>Exhibit A</u>. <u>Exhibit A</u> was Pentagroup's first attempt at written communication with plaintiff. Upon information and

2

belief, based upon the fact that January 18, 2010, was Dr. Martin Luther King, Jr. day, a federal holiday, Exhibit A was not mailed until January 19, 2010.

12. The above message left by Pentagroup does not state that Pentagroup is attempting to collect a debt, and does not state that any information obtained will be used for debt collection purposes, as required by the FDCPA, 15 U.S.C. §1692e(11).

13. Upon information and belief, it is Pentagroup practice to use the above prerecorded message to contact alleged debtors.

14. Any debt Pentagroup was attempting to collect would have been incurred for personal, family or household purposes.

### COUNT I - FDCPA

15. Plaintiff incorporates all previous paragraphs.

16. The FDCPA, 15 U.S.C. §1692e prohibits false, deceptive or misleading statements, and 1692e(11) requires that a debt collector disclose in his initial communication that he is a debt collector attempting to collect a debt and that any information obtained by the debt collector will be used for debt collection purposes:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **\*\*\*\***
> **(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.**

17. Pentagroup's voice messages were "communications" for purposes of debt collection within the meaning of the FDCPA, and defendant was required to make the disclosures required by 15 U.S.C. § 1692e(11). See *Edwards v. Niagara Credit Solutions, Inc.*, 584 F.3d 1350 (11th Cir. 2009), *Ramirez v. Apex Fin. Mgt., LLC*, 567 F. Supp. 2d 1035 (N.D. Ill. 2008); *Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Joseph v. J. J. MacIntyre Cos.*, 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Leyse v. Corporate Collection Servs.,* 03 Civ. 8491 (DAB), 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. Sept. 18, 2006); *Stinson v. Asset Acceptance, LLC,* 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va., June 12, 2006); *Belin v. Litton Loan Servicing, LP,* 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006).

## CLASS ALLEGATIONS

18. Plaintiff brings this count on behalf of a class pursuant to Fed.R.Civ.P. 23(b)(3). The class is defined as:

> **All natural persons with Illinois, Indiana and Wisconsin addresses, for whom Pentagroup left the above voice mail message on January 15, 2010 as the initial oral communication, where the initial written communication was a letter in the form of Exhibit A, where the letter was dated after the telephone call was made.**

19. Upon information and belief, based upon the fact that the message was prerecorded, there are more than 50 members of the proposed class; sufficient to satisfy the numerosity requirement.

4

20. Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiff. Such questions common to the Class include, but are not limited to:

    a. Whether Pentagroup's message violated the FDCPA, and

    b. Damages.

21. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing her claims vigorously, and has retained counsel competent and experienced in class and complex litigation.

22. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

23. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

24. Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

25. The identity of the class is likely readily identifiable from defendant's records.

26. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

WHEREFORE, plaintiff requests that this Court enter judgment in favor of plaintiff and the class and against defendant for:

    a. Statutory damages;

    b. A declaration that the defendant's practices as to plaintiff and the class violated the FDCPA;

    c. Attorney's fees and costs; and

    d. Any other relief the Court finds proper.

Respectfully submitted,

/s/Alexander H. Burke

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

**JURY DEMAND**

Plaintiff demands trial by jury.

Respectfully submitted,

/s/Alexander H. Burke

6

**Document Preservation**

Defendant is hereby directed to take affirmative steps to preserve all documents, records and data concerning plaintiff the class members, its phone message system and relating to any other facts alleged herein.

/s/Alexander H. Burke

# Exhibit A

# Pentagroup Financial, LLC

5959 Corporate Drive, Suite 1400
Houston, Texas 77036
Toll Free: (800) 951-0638
Houston Local: (832) 615-2124

JANUARY 18TH, 2010

06761

JULIE M SCHULTZ                                              24

CHICAGO, IL 60634-

06761

RE:  Current Creditor:     MIDLAND FUNDING, LLC
     Original Creditor:    WAMU
     Current Balance Due:  $
     Current Account No.:              0132
     Original Account No.:             6526

Dear JULIE SCHULTZ:

Pentagroup Financial, LLC has been hired by the above referenced Current Creditor to contact you regarding the above referenced debt. Please be advised that the Current Creditor listed above has purchased the above referenced debt from the Original Creditor listed above. As of the date of this letter the Current Creditor's records indicate that the Balance Due remains unpaid.

If payment is not made in a timely manner, further collection activity may be instituted. Your prompt attention to this matter will be appreciated.

If you have any questions or wish to discuss your account with one of our courteous and friendly representatives, please call us at the toll free number listed above.

This is an attempt to collect a debt and any information obtained will be used for that purpose. This is a communication from a debt collector.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original credit grantor, if different from the current credit grantor.

indis-ca(1)

197.3047